Pee CüRiam.
 

 This is an action of debt by Buford, assignee of a bill single, against Ragsdale, the obligor. He pleaded payment.
 

 At May term, 1815, of the Circuit Court for Williamson County, there was verdict for the plaintiff on the issue, and damages assessed for the detention of the debt.
 

 The cause was then continued from term to term, till May term, 1817, at which time came the parties by their attorneys, &c., and it was considered by the court that the defendant have a new trial, on payment of all costs since the return term ; that he be permitted to plead a set-off, &c., and that execution issue against him for the costs. At the next term, November, 1817, on motion of the plaintiff’s counsel, the order granting a new trial was set aside, and judgment rendered that the plaintiff recover his debt and the damages assessed by the jury.
 

 * The defendant prayed a writ of error. The general rule is, that a motion must be made for a new trial at the same term, in which the trial is had. If judgment be entered at the same term, he can never do it afterwards at another term. But if there be no judgment on the verdict, he may at any time sue for a new trial on sufficient cause, unless, from length of time, an agreement to acquiesce in it can be presumed. The causes for granting
 
 *608
 
 a new trial, after the lapse of a term or two, ought to be very strong to entitle the party to success on such a motion. They are not set out in this record. We must presume that they were sufficient. 2 Strange, 995.
 

 In this case the new trial having been granted, if it was even erroneous to do so, the court at a subsequent term had no right to set it aside and give judgment on the verdict.
 

 The latter judgment of the Circuit Court must be reversed, and the cause removed for a new trial on the former order.
 

 See
 
 Bartlett
 
 v.
 
 Wilkerson,
 
 MSS., Brownsville, 1869;
 
 Andrews
 
 v.
 
 State,
 
 2 Sneed,
 
 550
 
 ;
 
 Mabry
 
 v.
 
 State,
 
 9 Yer. 207;
 
 Staggs
 
 v.
 
 State, 3
 
 Hum. 372;
 
 Davis
 
 v.
 
 Jones,
 
 3 Head, 603;
 
 Clark
 
 v.
 
 Larry,
 
 3 Sneed, 77;
 
 Ferrell
 
 v.
 
 Alder,
 
 2 Swan, 77; King’s Digest, 7588, 9336, 9340, 11,313.